UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KEVIN O. SMITH, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:97-CV-450 CAS |
| | ) | |
| MIKE KEMNA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This closed matter is before the Court on petitioner's "Motion for Relief from Judgment or Order Pursuant to Rule 60(b), or in the Alternative, to Reopen the Original § 2254 Habeas Corpus Petition."

On March 28, 1997, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 1, 2000, the Court adopted the Report and Recommendation of the United States Magistrate Judge and issued a judgment denying the petition under 28 U.S.C. § 2254. See Docs. 20 and 21. The Court denied petitioner's motion for certificate of appealability. See Doc. 23. The Eighth Circuit Court of Appeals affirmed the dismissal of the petition for writ of habeas corpus on September 14, 2000 and denied petitioner's application to file a successive habeas petition on April 9, 2003.

On November 25, 2009, petitioner filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, contending that (1) there had been inadvertence and excusable neglect by the Court and a failure of trial counsel and appellate counsel to present exculpatory evidence; (2) newly discovered evidence required a new trial under Rule 59(b); (3) fraud was committed on the Court because the information charged petitioner as a prior offender; and (4) relief is available under Rule

60(b) to correct an erroneous judgment. On December 16, 2009, the Court denied petitioner's Rule 60(b) motion as an obvious attempt to circumvent the prohibition against the filing of a successive habeas petition. 28 U.S.C. § 2244(b)(3)(A). See Doc. 39.

On April 3, 2015, petitioner filed the current motion for relief from judgment pursuant to Rule 60(b). The instant Rule 60(b) motion is in effect another second habeas petition under the AEDPA. See Lopez v. Douglas, 141 F.3d 974 (10th Cir. 1998); Burris v. Parke, 130 F.3d 782, 783 (7th Cir. 1997). Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions. See Boyd v. United States, 304 F.3d 813 (8th Cir. 2002). Because this second petition was filed after April 24, 1996, the effective date of the AEDPA, petitioner was required to obtain prior authorization from the Eighth Circuit Court of Appeals before filing in this Court. Petitioner did not seek such authorization. Therefore, this Court lacks jurisdiction to decide this unauthorized second petition. 28 U.S.C. § 2244(b)(3)(A).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's Motion for Relief from Judgment or Order Pursuant to Rule 60(b), or in the Alternative, to Reopen the Original § 2254 Habeas Corpus Petition is **DENIED** for lack of jurisdiction. [Doc. 54]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 6th day of May, 2015.